UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 99.178.131.225,<br><br>Defendant. | Case No.: 18cv2715-LAB(BLM)<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 5]** |

Before the Court is Plaintiff's December 6, 2018 "*Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference." ECF No. 5. Because the Defendant has not been identified, no opposition or reply briefs have been filed. Having reviewed Plaintiff's application and all supporting documents, the Court **DENIES** the application for the reasons set forth below.

## **BACKGROUND**

Plaintiff alleges that it owns the intellectual property and copyrights to the "original, award-winning adult motion pictures featured on its subscription-based websites." ECF No. 5-1 at 6; see also ECF No. 5-2, Declaration of Greg Lansky in Support of Plaintiff's Application, ¶¶ 3, 19, 32. On November 30, 2018, Plaintiff filed a complaint against John Doe 99.178.131.225 alleging copyright infringement as to sixty of the aforementioned motion pictures. ECF No. 1

1

1  ("Compl.") at 1–2.  Plaintiff alleges that Defendant illegally infringed by downloading and
2  distributing its copyrighted films, using the BitTorrent File Distribution Network, over an
3  extended period of time. Id. at 2, 4–5.  Plaintiff describes the BitTorrent network as "a system
4  designed to quickly distribute large files over the internet." Id. at 4.  Plaintiff further alleges
5  that Defendant, who "attempted to hide this theft by infringing Plaintiff's content anonymously,"
6  can be identified by his or her Internet Service Provider ("ISP"), AT&T Inc. ("AT&T U-verse"),
7  through his or her IP address 99.178.131.225. Id. at 2.

On December 6, 2018, Plaintiff filed the instant motion. ECF No. 5-1.  Plaintiff seeks an order from the Court allowing it to serve a subpoena to Defendant's ISP seeking Defendant's true name and address pursuant to Federal Rule of Civil Procedure 45.  ECF No. 5-1 at 7.

## **LEGAL STANDARD**

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1).  Courts in the Ninth Circuit apply the "good cause" standard in deciding whether to permit early discovery. Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 274 (N.D. Cal. 2002) (adopting the conventional standard of "good cause" in evaluating a request for expedited discovery).  Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id. at 276.  Good cause for expedited discovery has been found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction. Id.  In infringement cases, expedited discovery is frequently limited to allowing plaintiffs to identify Doe defendants. See UMG Recordings, Inc. v. Doe, 2008 WL 4104207, at *3 (N.D. Cal. 2008) (granting leave to take expedited discovery for documents that would reveal the identity and contact information for each Doe defendant).

District courts in the Ninth Circuit apply a three-factor test when considering motions for expedited discovery to identify certain defendants. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999).  First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or

entity who could be sued in federal court." Id. at 578. Second, the plaintiff must describe "all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant. Id. at 579. Third, the plaintiff should establish that its lawsuit could withstand a motion to dismiss. Id.

## DISCUSSION

For the Court to grant Plaintiff's motion, Plaintiff must first identify the Doe defendant with sufficient specificity to enable the Court to determine that the Doe defendant is a real person subject to the Court's jurisdiction. See id. at 578. "Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012); see e.g., OpenMind Sols., Inc. v. Does 1-39, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011) (finding plaintiff met its burden to identify the Doe defendants with sufficient specificity by identifying the unique IP addresses of individuals engaged in BitTorrent protocol and using geolocation technology to trace the IP addresses to a point of origin within the state of California); Pink Lotus Entm't, LLC v. Does 1-46, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011) (same). "Others have found that merely identifying the IP addresses assigned to the defendants on the day of the purported infringement is sufficient to satisfy the first factor." 808 Holdings, LLC, 2012 WL 12884688, at *4; see, e.g., First Time Videos, LLC v. Does, 2011 WL 1431619, at *2 (N.D. Cal. Apr. 14, 2011) ("First, First Time Videos has identified the Doe defendants with sufficient specificity by submitting a chart listing each of the defendants by the IP address assigned to them on the day it alleges the particular defendant engaged in the infringing conduct.").

Here, Plaintiff has failed to identify Defendant with sufficient specificity to enable the Court to determine Defendant would be subject to its jurisdiction. Plaintiff alleges that is used "IP address geolocation technology by Maxmind Inc. ('Maxmind'), an industry-leading provider

of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District." Compl. at 2–3; see also ECF No. 5-1 at 7. However, Plaintiff's allegation that Defendant's IP address traced to a physical address in this District is not supported by any declaration filed in support of the instant Application that would indicate, for example, who used the geolocation technology, the dates of use, and how it is probative of the physical location of the subscriber. Accordingly, no evidentiary support was provided to show that Defendant's IP address likely resolves to a physical address located in this District, and this Court cannot rely on Plaintiff's unsupported assertions regarding the use and accuracy of the geolocation technology Plaintiff contends to have applied. Therefore, the instant Application must fail because there is no reliable evidence to support Plaintiff's claim that geolocation technology identified Defendant's physical location as being subject to this Court's jurisdiction. See Columbia Ins. Co., 185 F.R.D. at 578.

## CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** Plaintiff's *Ex Parte* Application for leave to serve a third party subpoena prior to a Rule 26(f) conference.

**IT IS SO ORDERED**.

Dated: 12/19/2018

Hon. Barbara L. Major
United States Magistrate Judge